MRS. MARY SUE PRICE, ADMINISTRATRIX d/b/n/c/t/a OF THE ESTATE OF BASIL C. HORN v. SEVIL HORN AND NELL HORN

No. 7529SC852

(Filed 7 July 1976)

1. **Contracts § 16; Judgments § 10— consent judgment — no condition precedent**

   A conveyance of land to defendant in accordance with the terms of a consent judgment was not a condition precedent to defendant's personal liability under terms of the consent judgment for interest

Price v. Horn

and penalties occasioned by defendant's failure as an executor to file estate and inheritance tax returns.

2. **Judgments § 10; Rules of Civil Procedure § 70— consent judgment — summary judgment — survey — order of conveyance**

Where a consent judgment required plaintiff to convey to defendant 14 acres of a larger tract "To be surveyed" and provided that defendant would be personally liable for the payment of interest and penalties resulting from defendant's failure as executor to file estate and inheritance tax returns and that defendant's property would be liable for payment of the interest and penalties, the trial court properly entered summary judgment for plaintiff in an action to recover from defendant the amount of tax interest and penalties and properly ordered a survey of the 14-acre tract, required plaintiff to convey the 14-tract to defendant, and provided that such tract could be sold to satisfy defendant's obligation for the tax interest and penalties. G.S. 1A-1, Rule 70.

ON *writ of certiorari* to review the proceedings before *Friday, Judge.* Judgment entered 14 May 1975 in Superior Court, RUTHERFORD County. Heard in the Court of Appeals 13 February 1976.

In 1968 B. C. Horn died, leaving a will by which he devised substantial property interests and under which his nephew, Sevil Horn, was appointed executor. Shortly thereafter, a caveat was filed. An action was also filed by devisees and legatees of B. C. Horn against Sevil Horn alleging mismanagement of the estate. The actions were consolidated for trial and judgment. The jury determined that the will was the last will and testament of B. C. Horn and it was admitted to probate in solemn form. The parties entered into a consent judgment adjudicating the other issues in controversy. Among other matters included in the judgment were the following provisions:

"1. That Mary Sue Price be adjudged to be the owner in fee simple absolute of all of the land known as the Paradise Farms (sometimes known as the Hamilton Quarter Farms) containing 550 acres, more or less, a description of which is attached to this judgment marked Exhibit A, and included by reference as a part of this paragraph of this judgment. *The only exception to the absolute ownership of Mary Sue Price in and to said Paradise Farms (sometimes known as the Hamilton Quarter Farms) containing 550 acres, more or less, is a fourteen (14) acre tract to be surveyed off and owned in fee simple by Sevil Horn. This fourteen acre tract shall be surveyed off so that it contains one barn and*

*no other structures of any kind and should be located as
follows: TO BE SURVEYED."* (Emphasis supplied.)

2. Horn and wife to convey to Price their interest in the
550-acre tract.

3. Mary Price and husband to convey to Horn the 14-acre
tract contemporaneously with judgment or as soon there-
after as a proper description can be obtained.

4. Mary Price and husband to convey other properties listed
in will to Horn.

5. Jacobs and wife to execute to Horn and wife certain
property listed in will.

6. Basil Price and wife to convey to Horn and wife cer-
tain property listed in will.

7. Cecil Price to convey to Horn and wife certain property
listed in will.

"8. That Sevil Horn, as of this date, shall resign as Execu-
tor of the estate of Basil C. Horn, deceased, and shall,
within the next 10 days, file with the Clerk of the Superior
Court of Rutherford County, North Carolina, an account-
ing of his transactions as Executor up to and including
this date which shall be the date of his resignation."

"9. That the Clerk of the Superior Court of Rutherford
County, North Carolina, shall forthwith appoint an Ad-
ministrator C.T.A. to complete the administration of the
estate of Basil C. Horn, deceased. All parties hereto have
agreed to recommend to the Clerk that he appoint Mary
Sue Price, the only child of Basil C. Horn, deceased, as
Administratrix, C.T.A. to complete the administration of
his estate."

"12. . . . *Sevil Horn shall be solely responsible for the
payment of all penalties and interest, if any, which shall
be finally adjudicated to be due the Government of the
United States or the State of North Carolina on account of
any act or failure to act on the part of Sevil Horn in
connection with the management of the Estate of Basil C.
Horn, deceased, or in connection with the discharge of his
duties as Executor of the Estate of Basil C. Horn, deceased.*
Sevil Horn and his attorney shall have the right to contest

the assessment and collection of all penalties and interest as provided by law. *The property of Sevil Horn shall be solely liable as between the parties hereto for the payment of said penalties and interest,* and in the event that Sevil Horn and his attorney elect to contest the assessment and enforcement of any and all said penalties and interest, the *said Sevil Horn shall put up, make available, or pledge enough of the property acquired from the estate of B. C. Horn to the Federal Government and State Government to release the tax lien against property of the other devisees.*" (Emphasis supplied.)

This judgment was entered 14 September 1972. On 24 October 1974, the present action was instituted by Mary Sue Price, Administratrix d/b/n c/t/a, alleging that during the administration of the estate of B. C. Horn by Sevil Horn, acting as Executor under the will, no estate or inheritance tax returns had been filed and no tax paid; that plaintiff had filed the returns and paid the taxes due; that all persons receiving property of Basil C. Horn had furnished plaintiff administratrix with funds with which to pay their pro rata share of the federal estate tax and North Carolina inheritance tax except Sevil Horn and wife, Nell Horn; *that Sevil Horn and Nell Horn did pay certain taxes due the Internal Revenue Service and the North Carolina Department of Revenue but they had failed and refused to pay penalties and interest due by reason of Sevil Horn's failure to file the returns and pay the taxes due while acting as Executor;* that the amounts thus due constitute liens upon all land received by Sevil Horn and Nell Horn which belonged to Basil C. Horn at the time of his death whether received by the terms of the will or under the consent judgment filed 14 September 1972. A schedule, denominated Schedule "C," was attached to the complaint and contained a list of properties received by the Horns under the will and under the consent judgment and included "14 acres of land as described in a deed from Mary Sue Price and husband, Kenneth Price to Sevil Horn and wife, Nell Horn." Plaintiff asked that she, as administratrix, recover the sum of $8,640.27 plus all additional penalties and interest assessed by the United States or the State of North Carolina; that a commissioner be appointed to sell the lands described in Exhibit "C" for the purpose of paying the penalties and interest; and for other relief, including injunctive relief.

On 18 February 1975, Sevil Horn answered denying that he had failed to file the estate tax return and the inheritance tax return; denying that by reason of his failure large amounts of penalty and interest are chargeable to the estate for which he was personally liable; *denying that any penalties are due but admitting that interest is due;* denying that any amounts due either the United States or the State or North Carolina constituted liens against property coming to him either under the will or through the agreement; denying that plaintiff is entitled to recover the amount prayed for and denying that it is necessary to sell the lands described in Exhibit "C." By way of "FURTHER ANSWER, DEFENSE and Counterclaim" he averred that Mary Sue Price had failed to convey to him the 14-acre tract as provided in paragraph 1 of the consent judgment and had "obstructed and prevented the establishment of a line on the said Fourteen (14) acre tract"; that in view of her refusal to convey that tract, he has no obligation to pay the interest due on the tax. He prays for an order requiring Mary Sue Price and Kenneth Price "to execute the deed for the Fourteen (14) acres, according to his survey" and for recovery of $25,000 damages.

Plaintiff, by reply to the "FURTHER ANSWER, DEFENSE and Counterclaim," alleged that Sevil Horn and his counsel had caused a survey of the land to be made and a map thereof delivered to counsel for plaintiff; that upon inquiring of the surveyor it was determined that the tract Sevil Horn had blocked out contained in excess of 17½ acres but the amount of acreage had been deleted from the map provided for a description; that plaintiff thereafter tendered to Sevil Horn a deed for 14 acres as required by the consent judgment.

Plaintiff then filed motion for summary judgment, supported by her verified complaint, testimony of agents of North Carolina Department of Revenue and the Internal Revenue Service and certain letters from the taxing authorities advising the amount of tax, interest and penalties.

On 2 May 1975, Judge Friday entered an order reciting that the matter having come before him for hearing "and the court having ordered a survey of the property in dispute and the surveyor having advised the court that he will need additional time to complete his work," the matter was continued to 12 May 1975 at which time the court would hear additional evidence and review the survey and enter the necessary judgment.

On 14 May 1976, the court entered summary judgment for plaintiff. The record does not indicate that defendant presented any documents or evidence in opposition to the motion filed by plaintiff. The court set out the undisputed facts: that no penalties were due, but that interest in the total amount of $8,930.37 was due; that all other taxes as required by the consent judgment had been paid; that plaintiff was required by the judgment to convey 14 acres of land to the defendants "said tract to be located as follows: 'To Be Surveyed' "; that plaintiff tendered a deed and survey but defendant refused to accept it; that defendants tendered a deed to be executed for in excess of 14 acres and plaintiff refused to execute the deed; that the court ordered a survey; that the survey had been completed and the plat of the survey was incorporated as a part of the judgment (and a description therefrom was made a part of the judgment); that Sevil Horn has refused to pay the interest as required by the consent judgment; that notice of lis pendens had been filed by plaintiff; that the consent judgment provided for the sale of defendant's land to obtain funds with which to pay the amounts for which he was liable. The court made the following conclusions of law:

"1. That there is no genuine issue as to any material fact and plaintiff is entitled to Judgment as a matter of law.

2. That the defendant, Sevil Horn, is indebted to Mary Sue Price as Administratrix of the Estate of Basil C. Horn, deceased, in the amount of $8,930.37 for payment of Federal and State Inheritance Tax and interest as provided by Judgment attached hereto.

3. That Mary Sue Price, Administratrix d/b/n/c/t/a of the Estate of Basil C. Horn, deceased, is authorized to sell the property of Sevil Horn which was conveyed to the said Sevil Horn pursuant to the terms of Consent Judgment attached hereto to pay interest and taxes to the North Carolina Department of Revenue and The Internal Revenue Service in the amounts herein set forth."

Upon those conclusions the court ordered that plaintiff recover of defendant $8,930.37 and costs; that plaintiff convey the 14 acres as described in the judgment to Sevil Horn; that plaintiff be appointed commissioner to sell any and all real estate conveyed to Sevil Horn from the estate of Basil C. Horn

at public auction and apply the proceeds first to the payment of costs, then to the payment of the $8,930.37.

From the judgment defendants appealed.

*Hamrick, Bowen and Nanney, by Fred D. Hamrick, Jr., for plaintiff appellee.*

*Hamrick and Hamrick, by J. Nat Hamrick, for defendant appellants.*

MORRIS, Judge.

Defendants, maintaining that the trial court erred in granting plaintiff's motion for summary judgment, essentially contend that plaintiff Mary Sue Price, in failing to convey to defendant Sevil Horn the 14-acre tract surveyed off by Sevil Horn, breached a contractual condition precedent, relieving defendant Sevil Horn of any liability and accountability for his nonpayment of certain extra tax obligations charged against the decedent's estate. We disagree.

The consent judgment is a contractual agreement and "[i]ts meaning is to be gathered from the terms used therein, and the judgment should not be extended beyond the clear import of such terms. . . . " 47 Am. Jur. 2d, Judgments, § 1085, p. 142. Also see: 47 Am. Jur. 2d, Judgments, § 1082; 5 Strong, N. C. Index 2d, Judgments, §§ 8, 10; *Sawyer v. Sawyer,* 4 N.C. App. 594, 167 S.E. 2d 471 (1969). However, to interpret the nature and import of the consent judgment more precisely, courts are not bound by the "four corners" of the instrument itself. The agreement, usually reflecting the intricate course of events surrounding the particular litigation, also should " . . . be interpreted in the light of the controversy and the purposes intended to be accomplished by it." 5 Strong, N. C. Index 2d, Judgments, § 10, p. 22.

[1]  We have, therefore, reviewed the operative provisions of this consent judgment in terms of contractual analysis and construction, and we cannot find any condition precedent to defendant Sevil Horn's personal responsibility for the interest and penalty payments assessed against the decedent's estate. To have recognized a condition precedent would have required liberal construction and the broadcast of critical readings and, as noted by Judge Parker in *Financial Services v. Capitol Funds,* 23 N.C. App. 377, 386, 209 S.E. 2d 423 (1974), aff'd. 288 N.C.

122 (1975), "[c]onditions precedent are not favored in the law and provisions of a contract will not be construed as conditions precedent in the absence of language plainly requiring such contruction." Neither the actual terms of this consent judgment nor the overall context indicates any pre-condition to defendant's duty to pay the tax obligations, and we are not prepared to supply so important a term in the absence of at least a modicum of plain and unequivocal language indicating that such a condition precedent was intended. We hold, therefore, defendants' position on this question to be without merit.

**[2]** Defendants also argue that the trial court, by improperly disposing of the case by summary judgment, denied them the right to a trial on the issues raised in their counterclaim. We, again, find no merit to this contention.

Defendants failed to present any documentation or evidence in opposition to plaintiff's motions. " . . . [A]n adverse party may not rest upon the mere allegations or denials of his pleading, but his response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial. If he does not so respond, summary judgment, if appropriate, shall be entered against him." G.S. 1A-1, Rule 56(e) ; also see *Patterson v. Reid,* 10 N.C. App. 22, 178 S.E. 2d 1 (1970). Our study of the record results in the conclusion that the entry of summary judgment for plaintiff was appropriate under all the circumstances of this case. It should be noted that defendants' claim for $25,000 damages was not disposed of in the trial court's entry of judgment, and defendants' cause of action for money damages has not been prejudiced or resolved. On the other hand, the court-ordered survey of a 14-acre tract was not improper and merely served to expedite the resolution of the determination of what land plaintiff was obligated to convey to defendants under the consent judgment, the terms of which, as to this land, were so vague that a court-ordered survey would be, in all probability, the only means of resolving the interpretation of the phrase "To Be Surveyed." See G.S. 1A-1, Rule 70. Cf: *Elliott v. Burton,* 19 N.C. App. 291, 198 S.E. 2d 489 (1973). Plaintiff has, at all times, admitted that she is obligated to convey to defendant 14 acres of land. Once the trial court determined that there was no genuine issue of material fact with respect to defendant Sevil Horn's duties under the consent judgment, it simply and properly went forward to require plaintiff's conveyance of a

14-acre tract and further provided that, pursuant to the consent judgment, the administratrix, acting as commissioner, could sell the property to satisfy the defendant Sevil Horn's debt due to the respective governmental revenue agencies.

Affirmed.

Judges VAUGHN and CLARK concur.