MATTIE CAUDLE AND HUSBAND, LANCY CAUDLE, SR., KATHRYN H. PERCELL, AND HUSBAND, ROBERT L. PERCELL, JAMES BULLOCK, THEATRICE BULLOCK, LONNIE BULLOCK, AND W. H. HOLDING v. HERMAN RAY

No. 8010SC694

(Filed 17 February 1981)

Attorneys at Law § 3.1— attorney's consent to judgment — presumption of authority — rebutting evidence

The trial court's determination that an attorney's consent to the entry of a judgment against plaintiffs based on a referee's report was "within the scope of his authority as attorney of record for Plaintiffs" was erroneous where the

presumption of authority was rebutted by plaintiffs' plenary evidence that the
attorney had no such authority.

APPEAL by plaintiffs from *Preston, Judge.* Order entered 28
March 1980 in Superior Court, WAKE County. Heard in the Court of
Appeals 6 February 1981.

Plaintiffs own as tenants in common a tract of land in Wake
County. In January 1976 they contracted to sell the standing timber
on the land. When defendant represented to the prospective pur-
chaser that he was the owner of the property and would interfere
with cutting of the timber, the prospective purchaser refused to pay
plaintiffs the contract price. Plaintiffs then brought this action
seeking damages and an order restraining defendant from inter-
fering with their peaceful possession of the land and with the pro-
posed removal of timber. Defendant answered praying that plain-
tiffs be declared to have no interest in the disputed tract and that he
be declared to be the owner free and clear of any claim of plaintiffs.

On 16 December 1976 Judge Donald L. Smith entered an
order appointing a referee to establish the lines of plaintiffs and
defendant. Thereafter on 18 May 1977 Judge E. Maurice Braswell
entered judgment finding that the referee had filed his report on 25
March 1977 and that no objection had been made to the report. The
judgment incorporated the referee's report by reference; declared
the common line between the lands of plaintiffs and of defendant;
declared that plaintiffs had no rights in the lands shown on the
referee's report; declared that defendant was the owner of the lands
shown on the plat, free and clear of any claim of plaintiffs; and
taxed the costs to plaintiffs. The judgment was consented to by
Earle R. Purser as attorney for plaintiffs and by Henry H. Sink as
attorney for defendant.

On 22 June 1979 plaintiffs filed a motion pursuant to G.S. 1A-1,
Rule 60(b)(4) to vacate the judgment entered 18 May 1977. They
alleged as grounds for the motion that they had retained Attorney
Purser to draw the deed for sale of the timber on the land which
they believed they owned; that thereafter the prospective pur-
chaser was prevented from removing the timber by defendant, and
plaintiff Lancy Caudle sought Purser's assistance; that Purser filed
the complaint in this action purportedly on behalf of plaintiffs, but
that in fact only the plaintiff Lancy Caudle had knowledge that suit
was being filed, and that because of advanced years and lack of
education he did not understand that a lawsuit had been filed

Caudle v. Ray

against defendant; that Purser consented to the reference and to the judgment, and that plaintiffs did not learn that a judgment had been entered against them until efforts were made to execute on the judgment for costs; and that, as a result, the court lacked jurisdiction to enter a judgment binding upon plaintiffs "at the bequest (sic) of an attorney, who acts with neither the knowledge nor authorization of his alleged clients." Plaintiffs prayed that the judgment be vacated and set aside.

Plaintiff Robert L. Percell filed an affidavit in which he stated under oath that he did not participate in any action brought against defendant; that he never instructed nor authorized anyone to consent to a judgment in this action on his behalf; and that he learned of the judgment for the first time when the sheriff came to his premises to execute on the judgment for costs. Plaintiff Lancy Caudle filed an affidavit in which he stated under oath that he initially approached attorney Purser for the purpose of obtaining a restraining order against defendant, and that he did not understand that in order to obtain the restraining order a suit had to be filed; that he "signed that action based upon the facts as they were presented to [him] by Attorney Purser"; that he cannot read and, except for being able to write his name, he is illiterate; that he was never apprised as to the status of the case until his nephew, plaintiff Robert Percell, came to tell him the Sheriff had come to his house to execute on the judgment; and that at no time did he or "anyone in [his] group" advise Attorney Purser to consent to a judgment against the plaintiffs. Kathryn L. Percell, W. H. Holding, James Bullock, Theatrice Bullock, Mattie Caudle and Walter Caudle[1] also filed affidavits. All alleged absence of personal knowledge that this suit had been filed naming them as party plaintiffs, and that the entry of judgment had been without their knowledge or consent.

On 28 March 1980 Judge Edwin S. Preston, Jr., entered an order denying plaintiffs' motion to vacate and set aside the judgment. The order contains the following recital:

> And it further appearing to the Court and the Court finds as facts that at all times up to and including the entry of the Judgment in this action; Earle R. Purser was the attorney of record for Plaintiffs and that as attorney

---

[1] Walter Caudle identified himself in his affidavit as a party plaintiff in this action. The record before us does not contain his name in the captions.

of record all of the actions of said Earle R. Purser for and on behalf of Plaintiffs were within the scope of his authority as attorney of record for Plaintiffs, and the Court further finds as a fact that the Court, and attorneys for Defendant at all times through the entry of Judgment in this action were entitled to [rely] upon the acts of said Earle R. Purser as attorney of record for Plaintiffs, that said Judgment sought to be vacated is not void and that Plaintiffs are not without recourse as to any damages which they may have suffered.

From this order, plaintiffs appeal.

*Shyllon, Shyllon and Ratliff, by Mohamed M. Shyllon, for plaintiff appellants.*

*Parker, Sink and Powers, by Henry H. Sink, Jr. and Henry H. Sink, for defendant appellee.*

WHICHARD, Judge.

The record contains no exceptions and no assignments of error. Because the scope of review on appeal is limited to "a consideration of those exceptions set out and made the basis of assignments of error in the record," Rule 10(a), Rules of Appellate Procedure, no alleged error is properly before us for review. We have, however, chosen to consider the contentions presented in appellants' brief by exercising the power vested in us by Rule 2, Rules of Appellate Procedure, to suspend the requirements of Rule 10(a) for purposes of this appeal "[t]o prevent manifest injustice to a party."

It is well-established that "[i]n this jurisdiction there is a presumption in favor of an attorney's authority to act for the client he professes to represent." *Greenhill v. Crabtree,* 45 N.C. App. 49, 51, 262 S.E.2d 315, 316 *affirmed* 301 N.C. 520, 271 S.E.2d 908 (1980) (affirmed by an equally divided court and therefore without precedential value). In *Gardiner v. May,* 172 N.C. 192, 196, 89 S.E. 955, 957 (1916), our Supreme Court stated:

A judgment entered of record, whether *in invitum* or by consent, is presumed to be regular, and an attorney who consented to it is presumed to have acted in good faith and to have had the necessary authority from his client, and not to have betrayed his confidence or to have

sacrificed his right.

A presumption that Attorney Purser had authority to act for his clients here thus arose upon entry of the consent judgment, and "[i]t then [became] the burden of the client[s] to rebut this presumption and to prove lack of authority to the satisfaction of the court." *Greenhill*, 45 N.C. App. at 52, 262 S.E.2d at 317.

Plaintiffs offered eight affidavits for the purpose of rebutting the presumption that Attorney Purser had authority to act for them in consenting to the judgment which they now seek to vacate and set aside. Each affidavit unequivocally denied that Purser was vested with such authority. These affidavits constitute the only evidence in the record. The record is thus devoid of evidence tending in any way to indicate that Purser did have authority from plaintiffs to consent to the judgment on their behalf.

The trial court's "finding of fact" that Purser's actions "were within the scope of his authority as attorney of record for Plaintiffs" is "in reality, [a] legal [conclusion] determinative of the rights of the parties." *Warner v. W & O, Inc.*, 263 N.C. 37, 40, 138 S.E.2d 782, 785 (1964). "The listing of what is in reality a legal conclusion as a fact, when . . . not supported by the evidence, has no efficacy." *Warner*, 263 N.C. at 40, 138 S.E.2d at 785. The record here contains no evidence from which the trial court could have made findings of fact to support its legal conclusion that the attorney's actions were within the scope of his authority to act for plaintiffs. The presumption of authority, standing alone, was not sufficient to sustain the order when countered by plenary evidence in rebuttal. Hence, the court's legal conclusion is "not supported by the evidence, and has no efficacy."

We hold that on the facts contained in the record before us the order of 28 March 1980 was erroneous, and it is therefore vacated. We do not determine whether plaintiffs are entitled to have granted their motion to vacate and set aside the judgment of 18 May 1977. That determination is a proper function for the trial court upon our remand herewith for further proceedings consistent with this opinion.

Vacated and remanded.

Judges WEBB and MARTIN (Harry C.) concur.