MATTIE CAUDLE AND HUSBAND, LANCY CAUDLE, SR.; KATHRYN H. PERCELL AND HUSBAND, ROBERT LOUIS PERCELL; JAMES BULLOCK; THEATRICE BULLOCK; LONNIE BULLOCK; AND W. H. HOLDING v. HERMAN RAY

No. 8310SC377

(Filed 3 July 1984)

**Judgments § 21.1— consent judgment—authority of attorney—necessity for finding of fact**

A proceeding wherein plaintiffs moved to set aside a consent judgment is remanded for proper findings by the trial court as to whether plaintiffs' attorney had the authorization of plaintiffs to institute an action against defendant and to sign the consent judgment on their behalf.

APPEAL by defendant, Herman Ray, and plaintiffs Mattie Caudle, Lancy Caudle, Sr. and W. H. Holding from *Hobgood, Judge*. The Order appealed from was entered 15 December 1982 in Superior Court, WAKE County. Heard in the Court of Appeals 6 March 1984.

This is a civil proceeding wherein plaintiffs moved to set aside a consent judgment entered in this matter on 18 May 1977. Plaintiffs seek to set aside the consent judgment on the grounds that: (1) Attorney Earl L. Purser, who was retained to draft a timber deed for plaintiffs, brought suit against defendant Herman Ray purportedly on behalf of all plaintiffs but Lancy Caudle, Sr. was the only plaintiff to have knowledge that the suit was filed; (2) that Attorney Purser consented to the appointment of a referee and to the judgment in this cause; and (3) that plaintiffs did not learn of the judgment against them until efforts were made to execute on the judgment.

After considering all the evidence, the trial court ruled that the consent judgment was valid and binding on Mattie Caudle, Lancy Caudle, Sr. and W. H. Holding, and that plaintiffs' motion to set aside the consent judgment was allowed as to Kathryn H. Percell, Robert Louis Percell, James Bullock, Theatrice Bullock and Lonnie Bullock.

From the order declaring the consent judgment valid and binding, as to Mattie Caudle, Lancy Caudle, Sr., and W. H. Holding, these plaintiffs appeal. Defendant Ray appeals that portion of the order setting aside the consent judgment as to plaintiffs Kathryn H. Percell, Robert Louis Percell, James Bullock, Theatrice Bullock and Lonnie Bullock.

*Shyllon & Burford, by Mohamed M. Shyllon, for plaintiff appellants.*

*Parker, Sink, Powers, Sink & Potter, by Henry H. Sink, for defendant appellant and defendant appellee.*

JOHNSON, Judge.

On 22 June 1979, plaintiffs filed a motion in the cause pursuant to Rule 60(b) of the North Carolina Rules of Civil Procedure to set aside the consent judgment entered in this matter on 18 May 1977. Plaintiffs alleged that the consent judgment was entered without their knowledge and consent. Plaintiffs averred that in January of 1976 they retained Attorney Earl R. Purser to draft a timber deed for the sale of timber standing on land plaintiffs believed they owned as tenants in common. The deed was drafted but the grantee was prevented from removing the timber by defendant Herman Ray.

On 26 March 1976, Attorney Purser filed a complaint, allegedly on plaintiffs' behalf, asking the court to restrain defendant Ray from interfering with plaintiffs' peaceful possession and from interfering with the removal of timber from plaintiffs' land. This action instituted in the names of all plaintiffs was not verified by any of them.

In his verified answer and counterclaim, defendant claimed ownership of the property in question and counterclaimed for $10,000 as damages allegedly resulting from plaintiffs cutting and removing of timber from said property. In addition, defendant claimed ownership of said property by adverse possession.

At the pre-trial conference held on 16 December 1976, the parties agreed to the appointment of a referee and to be bound by the reference report. According to Attorney Purser, Mattie and Lancy Caudle, Sr. and an unidentified third person participated in the pre-trial conference.

On 18 May 1977, consent judgment was entered wherein the boundary lines between the lands of plaintiffs and defendant were established, and fees for reference were taxed to the plaintiffs. The consent judgment was signed by the attorneys for both parties. Plaintiffs' motion to set aside the consent judgment was denied on 28 March 1980, at which time plaintiffs gave notice of appeal.

On initial appeal, this Court, after finding no evidence in the record to support the trial court's conclusion that Attorney Purser acted within the scope of his authority, remanded the cause for further proceedings. *Caudle v. Ray*, 50 N.C. App. 641, 645, 274 S.E. 2d 880, 883 (1981). On remand, the trial court once again denied plaintiffs' motion to set aside the consent judgment. Plaintiffs gave notice of appeal in open court on 19 August 1981.

On 1 March 1982, the parties stipulated that the record of the testimony of the witnesses at the 19 August 1981 hearing was lost. Therefore, a rehearing on plaintiffs' motion was set for 13 December 1982. At the rehearing, the court, without making findings of fact, allowed the motion to set aside the consent judgment as to all plaintiffs except Lancy Caudle, Sr., Mattie Caudle, and W. H. Holding.

The essential question before the trial court was whether plaintiffs were entitled to relief from the consent judgment on the grounds that Attorney Purser did not have the authorization of plaintiffs to institute the cause of action against defendant Ray and to sign the consent judgment on their behalf. This Court held that "[i]t is the duty of the judge presiding at a Rule 60(b) hearing to make findings of fact and to determine from such facts whether the movant is entitled to relief from a final judgment or order." *Hoglen v. James*, 38 N.C. App. 728, 731, 248 S.E. 2d 901, 903 (1978). *U.S.I.F. Wynnewood Corp. v. Soderquist*, 27 N.C. App. 611, 614, 219 S.E. 2d 787 (1975). Our Supreme Court in addressing the issue almost identical to the one in the case at bar, stated that:

> The primary question for the court below was whether or not the attorney of record had authority from appellants to compromise and settle the matters in controversy and approve a judgment in retraxit disclaiming on their behalf any right, title or interest in the land in question. There are no findings of fact determining this question. [Therefore], the cause *must* be remanded for this determination. . . . (Emphasis ours.)

The Court remanded the case for further findings of fact. *Howard v. Boyce*, 254 N.C. 255, 266, 118 S.E. 2d 897, 905 (1981).

The record in the case *sub judice* does not contain any findings of fact determining the essential question of whether Attorney Purser had the authorization of plaintiffs to institute the cause of action against defendant Ray and to sign the consent judgment on their behalf. Since the record is devoid of any findings of fact, the Court is prevented from conducting an effective review of the question presented. Consequently, the trial court's order of 15 December 1982 must be vacated and the case remanded for further proceedings.

Vacated and remanded.

Judges HEDRICK and HILL concur.