J.I.C. ELECTRIC, INC., A MICHIGAN CORPORATION v. ROMALLUS MURPHY

No. 8518SC1126

(Filed 1 July 1986)

**Constitutional Law § 26.2— Michigan judgment—full faith and credit—no extrinsic fraud shown**

Defendant's contention that a Michigan judgment against him was not entitled to full faith and credit but was subject to collateral attack because it was obtained fraudulently and was against public policy was without merit where defendant contended that the Michigan court was misled into believing that attorneys representing defendant's employer were also representing him and he contended that he did not agree to the consent judgment and was not informed of it by attorneys purporting to represent him, but both questions raised issues of intrinsic fraud which should properly be addressed to the Michigan rather than N.C. courts.

APPEAL by defendant from *Long (James M.), Judge.* Judgment entered 24 July 1985 in Superior Court, GUILFORD County. Heard in the Court of Appeals 14 February 1986.

*Romallus O. Murphy, pro se.*

*McNairy, Clifford & Clendenin, by Michael R. Nash, for plaintiff appellee.*

BECTON, Judge.

Defendant Romallus Murphy was President of Shaw College at Detroit, Michigan in June 1981 when he was sued in that capacity by J.I.C. Electric, Inc. for specific performance of a lease-purchase agreement and for damages, costs, interest and attorney's fees in Wayne County, Michigan. Murphy resigned his position at Shaw College in March 1983 and moved to Greensboro, North Carolina in April 1983. He left his forwarding address with Shaw College officials and the attorneys who were representing the college in the lawsuit.

On 21 July 1983, judgment was entered pursuant to a "mediation evaluation" in the Wayne County, Michigan Circuit Court against Shaw College and Romallus Murphy in the amount of $13,000. According to Murphy, he was first notified of this judgment in August 1984, when local attorneys in Greensboro informed him that they had been retained to collect it.

On 6 September 1984, J.I.C. Electric filed the action which is the subject of this appeal in the Guilford County Superior Court, seeking that the Michigan judgment be given full faith and credit in North Carolina and that judgment be entered against Murphy in this State. Murphy answered and alleged that the mediation judgment was made without his knowledge and consent and was therefore void as to him; that the attorneys representing Shaw College in the Michigan court had misled the court about (1) their authority to represent Murphy; (2) their failure to give notice to Murphy; and (3) an alleged conflict of interest between their representation of both the college and Murphy; and that the Michigan judgment should therefore not be given full faith and credit in North Carolina.

On 17 May 1985, Murphy filed a motion to vacate the mediation judgment in the Wayne County, Michigan Court on grounds similar to his answer in this case, which was denied after oral argument on 25 June 1985. Murphy then gave notice of appeal to the Michigan Court of Appeals. The status of that appeal is not clear, but it appears that it is still pending.

From an entry of summary judgment by the Guilford County Superior Court in this action against Murphy for $13,000 plus interest at the rate of thirteen percent per annum (pursuant to Michigan law), Murphy appeals, and we affirm.

Murphy contends that the superior court erred in granting J.I.C. Electric's motion for summary judgment because triable issues of fact concerning fraud and public policy exist. Defendant is essentially contending that the Michigan judgment is subject to collateral attack because it was obtained fraudulently and/or is against public policy. It is true that the final judgment of another jurisdiction may be collaterally attacked on three grounds: (1) lack of jurisdiction, (2) fraud in the procurement; or (3) that it is against public policy. *Fungaroli v. Fungaroli*, 53 N.C. App. 270, 278, 280 S.E. 2d 787, 792 (1981); *see also Courtney v. Courtney*, 40 N.C. App. 291, 253 S.E. 2d 2 (1979).

However, to make a successful attack upon a foreign judgment on the basis of fraud, it is necessary that *extrinsic* fraud be alleged. *Id.* Extrinsic fraud is that which is collateral to the foreign proceeding, and not that which arises within the proceeding itself and concerns some matter necessarily under the consideration of the foreign court upon the merits. *See Horne v. Edwards*, 215 N.C. 622, 624, 3 S.E. 2d 1, 3 (1939).

The fraud Murphy alleges here is clearly intrinsic in nature. He contends that the Michigan court was misled to believe that the attorneys representing Shaw College were also representing him, and that absent such a misrepresentation, the judgment would not have been entered against him. Even assuming this allegation to be true, Murphy's remedy is in the Michigan courts.

There is a presumption, in North Carolina as well as in Michigan, in favor of an attorney's authority to act for the client he or she professes to represent. *See In re Certain Tobacco*, 52 N.C. App. 299, 278 S.E. 2d 575 (1981); *Jackson v. Wayne Circuit Judge*, 341 Mich. 55, 67 N.W. 2d 471 (1954). One who challenges the actions of an attorney as being unauthorized has the burden of rebutting this presumption. *Id.*

In any event, when a party to an action denies that he gave his consent to the judgment as entered, the proper procedure is by motion in *that* cause. *Howard v. Boyce*, 254 N.C. 255, 118 S.E.

2d 897 (1961) (emphasis added). Thus, even if the Michigan judgment is void on grounds of attorney fraud or misrepresentation, that question is to be decided by the Michigan courts, and the Wayne County, Michigan Circuit Court has already denied Murphy's motion to vacate on those grounds. The attempt to collaterally attack the Michigan judgment in the North Carolina courts on the basis of intrinsic fraud is therefore improper.

Because a consent judgment is valid only if all parties give their unqualified consent at the time the court sanctions the agreement and promulgates it as a judgment, *Overton v. Overton*, 259 N.C. 31, 129 S.E. 2d 593 (1963), Murphy argues that the Michigan judgment is void since, according to him, he did not consent to the judgment, nor was he informed of it by the attorneys purporting to represent him. Therefore, he contends, it would be against the public policy of North Carolina to give full faith and credit to the judgment of another jurisdiction which was both void and obtained in violation of a party's due process rights. We are not persuaded.

Again, the question whether the Michigan judgment is void because Murphy did not consent is properly addressed to the Michigan courts. In addition, there is no question that Murphy had proper notice of the Michigan court proceedings and that he had an opportunity to be heard there. He was personally served with process and he filed pleadings and affidavits in the Michigan court before moving to North Carolina. His motion for summary judgment in that case, on grounds that he should not be held personally liable for the acts of the college, was denied.

We hold that Murphy has not raised a material factual issue which goes to extrinsic fraud or contravention of public policy, and that J.I.C. Electric's motion for summary judgment was properly granted. Even though the status of Murphy's appeal to the Michigan Court of Appeals is unclear, the full faith and credit clause of the United States Constitution applies as soon as the foreign judgment becomes enforceable, and does not depend upon the exhaustion of all appeals or the expiration of the time allowed for appeal. *See* Annot., 2 A.L.R. 3d 1384 (1965).

We therefore

Affirm.

Judges JOHNSON and MARTIN concur.