ESTHER FAY MONTGOMERY (BRAKE) v. TOMMIE EDWARD MONTGOMERY

No. 9214DC350

(Filed 18 May 1993)

1. **Divorce and Separation § 451 (NCI4th); Judgments § 132 (NCI4th) — consent judgment freely negotiated — jurisdiction established for future litigation — consent order binding**

Where the parties to an action freely negotiate and enter into a consent order or judgment, there is no reason why they cannot bind themselves to the jurisdiction of a forum for the purpose of future litigation; thus, an Agreed Order entered into by the parties on 11 May 1987, providing that any future legal action concerning the parties' children would be brought where the children reside, could act as a valid consent to personal jurisdiction and a waiver of the requirements usually necessary to invoke that jurisdiction in an action to modify child support.

**Am Jur 2d, Divorce and Separation §§ 963, 971; Judgments §§ 1085, 1088.**

**2. Divorce and Separation § 451 (NCI4th)— consent judgment— future actions to be brought in children's home state— acknowledgment of jurisdiction—applicability to actions initiated by plaintiff**

An Agreed Order entered into by the parties in which defendant agreed to bring all actions regarding the parties' children in the children's home state, and in so doing to waive venue and acknowledge jurisdiction of that state, did not limit jurisdiction to subject matter jurisdiction; furthermore, the Agreed Order covered all actions involving the children, not just those instituted by defendant.

**Am Jur 2d, Divorce and Separation §§ 963, 971; Judgments §§ 1085, 1088.**

**3. Attorneys at Law § 31 (NCI4th)— consent order signed by defendant's attorney—defendant bound by judgment**

The trial court erred in determining that an Agreed Order entered into by the parties in Kentucky was ineffective because it was not signed by defendant, since defendant's attorney signed the order; an attorney acting on behalf of his or her client is presumed to have authority to do so at the request of the client; the order was valid on its face; and the courts of North Carolina are required to grant it full faith and credit.

**Am Jur 2d, Attorneys at Law § 149.**

Appeal by plaintiff from Order entered 27 February 1992 by Judge Richard G. Chaney in Durham County District Court. Heard in the Court of Appeals 10 March 1993.

*Bourlon & Associates, by Ann Marie Vosburg, for the plaintiff-appellant.*

*N. Joanne Foil and Rebekah W. Davis for the defendant-appellee.*

WYNN, Judge.

The parties in the present case were married on 17 August 1971 and divorced on 22 February 1982 in the Circuit Court of Harnett County, Kentucky. Three children were born of the marriage: Michael Sean Montgomery, on 20 July 1971; Tommie Edward Montgomery, Jr., on 21 April 1973; and Kimberly Nichole

MONTGOMERY v. MONTGOMERY

[110 N.C. App. 234 (1993)]

Montgomery, on 1 February 1979. In a Contract of Settlement dated 17 December 1981, the defendant agreed to pay a total of $500 per month in child support, said amount to be reduced by $125 per month as each child reached the age of eighteen.

In 1987, the plaintiff filed an action for an increase in child support against the defendant in the State of Texas, where she was then residing with the children. The defendant challenged the Texas court's personal jurisdiction over him, however, and that action was subsequently removed to the State of Kentucky. The Kentucky trial court entered an Order from which the plaintiff appealed. While that appeal was pending, the parties entered into an "Agreed Order," dated 11 May 1987, in which the plaintiff agreed to discontinue the appeal and the defendant agreed that any legal action regarding the children would, in the future, be brought where the children reside. Specifically, the Agreed Order provided in part that the defendant

> hereby agrees to bring any and all actions revolving around the parties' minor children in whatever state the children reside waiving venue and acknowledging jurisdiction of the children's resident state. [Defendant] hereby acknowledges that actions involving visitation, child support, custody and any other actions that can be maintained because of the children should be in the children's best interest brought where the children reside.

Two of the parties' three children have reached the age of eighteen, and in keeping with the original child support Order, the plaintiff currently receives $250 per month for the support of her minor daughter. On 22 July 1991, the plaintiff filed a complaint for an increase in child support, based on a change in circumstances. The complaint was filed in the District Court of Durham County, North Carolina, in which county the plaintiff currently resides with the parties' minor child. Pursuant to the Soldiers and Sailors Relief Act, the defendant requested a stay until he returned from Germany, where he was stationed with the U.S. Army. In addition, the defendant requested an extra sixty days in which to submit an answer to the complaint.

Thereafter, on 9 January 1992, the defendant filed a Rule 12(b) Motion to Dismiss, alleging that the North Carolina courts lacked personal jurisdiction over him. Accompanying this motion was an affidavit from the defendant which stated that he had never

resided in North Carolina, did not own any property in North Carolina, and had no contacts at all with the State of North Carolina. The plaintiff replied to that motion, citing the 11 May 1987 Agreed Order as a basis upon which the North Carolina courts should exercise personal jurisdiction over the defendant.

Subsequent to a hearing on the Motion to Dismiss, which took place on 26 February 1992, the action against the defendant was dismissed with prejudice for lack of personal jurisdiction. From that Order, the plaintiff appeals.

I.

[1] The plaintiff first assigns error to the trial court's finding that the defendant did not waive venue and personal jurisdiction when he entered into the 11 May 1987 Agreed Order. In support of this contention, the plaintiff argues that the language of the Agreed Order unambiguously establishes such a waiver, or, in the alternative, that it was clearly the intent of the parties that the Agreed Order effectuate such a waiver. We agree.

Generally, determining whether a court can exercise personal jurisdiction over a nonresident defendant necessitates the implementation of a two-step inquiry: (1) Does a North Carolina statute authorize the court to entertain an action against that defendant; and (2) If so, does the defendant have sufficient minimum contacts with the state so that considering the action does not conflict with "traditional notions of fair play and substantial justice." *Johnston County v. R.N. Rouse & Co.*, 331 N.C. 88, 95-96, 414 S.E.2d 30, 35 (1992) (quoting *International Shoe Co. v. Washington*, 326 U.S. 310, 316, 90 L.Ed.2d 95, 102 (1945)). Where the defendant has consented to the jurisdiction of the court, however, that inquiry need not be conducted. *Id.* at 96, 414 S.E.2d at 35; *see also In re Peoples*, 296 N.C. 109, 144, 250 S.E.2d 890, 910 (1978) (personal jurisdiction can be obtained through service of process, the defendant's voluntary appearance, or the defendant's consent), *cert. denied*, 442 U.S. 929, 61 L.Ed.2d 297 (1979); *Hale v. Hale*, 73 N.C. App. 639, 641, 327 S.E.2d 252, 253 (1985) (same). Essentially, a defendant's consent constitutes his waiving personal jurisdiction where the courts would not otherwise be able to exercise personal jurisdiction. The defendant "may consent to the jurisdiction of the court without exacting performance of the usual legal formalities as to service of process" because those legal formalities are a personal privilege which the

defendant is free to relinquish. *Jones v. Brinson*, 238 N.C. 506, 509, 78 S.E.2d 334, 337 (1953).

The defendant contends that it is not clear that he could have waived personal jurisdiction by entering into the Agreed Order because the consent by which a defendant waives personal jurisdiction "is given . . . by general appearance or some other action in which the defendant invokes the judgment of the Court." While the cases cited by the defendant do indeed illustrate consent by invoking the judgment of the court, there are many ways in which a defendant may give express or implied consent to the jurisdiction of the court over his person. *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 472, n.14, 85 L.Ed.2d 528, 540, n.14 (1985). One means by which a party may consent to personal jurisdiction, encountered most often in the commercial context, is a forum selection provision in a contractual agreement. *Id. See also Johnston County v. R.N. Rouse & Co.*, 331 N.C. at 92-94, 414 S.E.2d at 16. Such provisions do not offend due process so long as they are not unreasonable or unjust and are freely negotiated. *Burger King*, 471 U.S. at 472, n.14, 85 L.Ed.2d at 540, n.14.

While forum selection provisions may be most common in the commercial setting, we find no authority which limits them to that milieu. A consent judgment, such as the Agreed Order in the present case, is a contractual agreement. *Price v. Horn*, 30 N.C. App. 10, 16, 226 S.E.2d 165, 168, *disc. rev. denied*, 290 N.C. 663, 228 S.E.2d 450 (1976). Where the parties freely negotiate and enter into a consent order or judgment, there is no reason why they cannot bind themselves to the jurisdiction of a forum for the purpose of future litigation. Thus, we conclude that the Agreed Order can act as a valid consent to personal jurisdiction and a waiver of the requirements usually necessary to invoke that jurisdiction.

[2] Having decided that an Agreed Order can constitute consent to be subject to the personal jurisdiction of our Courts, we must next determine if the language of the Agreed Order in this particular case established the defendant's consent. The defendant contends that the Agreed Order speaks only to subject matter jurisdiction, and in any event does not apply to the present case because it covers only those actions brought by the defendant, not those brought, as is the instant case, by the plaintiff. We disagree.

Where the terms of a contractual agreement are clear and unambiguous, the courts cannot rewrite the plain meaning of the

contract. *Cherry, Bekaert & Holland v. Worsham,* 81 N.C. App. 116, 120, 344 S.E.2d 97, 100 (1986). The construction of such language is a matter of law for the court to determine. *Id.*

The defendant agreed to bring all actions regarding the children in the children's home state, and in so doing waive venue and acknowledge jurisdiction of that state. The Agreed Order does not limit jurisdiction to subject matter jurisdiction, as the defendant would have this Court find. Jurisdiction encompasses both subject matter jurisdiction and personal jurisdiction, and we cannot limit it to one or the other without that clearly being provided in the Agreed Order. It is clear also that *all* actions involving the children, not just those instituted by the defendant, were to be brought in the state where the children reside.

Assuming *arguendo* that the language of the Agreed Order is ambiguous, we must inquire into the intent of the parties at the time they entered the agreement. The interpretation of a consent order is not limited to the four corners thereof. *Price,* 30 N.C. App. at 16, 226 S.E.2d at 169. Rather, without extending the meaning of the terms utilized in the Order, "[t]he agreement . . . should be interpreted in light of the controversy and the purposes intended to be accomplished by it." *Id.* Moreover, " 'the entire agreement must be examined with an understanding of the result to be accomplished and the situation of the parties at the moment the contract is made.' " *Haynes v. Haynes,* 45 N.C. App. 376, 382, 263 S.E.2d 783, 787 (1980) (quoting *Yount v. Lowe,* 288 N.C. 90, 96, 215 S.E.2d 563, 567 (1975)).

At the time the Agreed Order was entered into, the defendant had caused an action brought against him in Texas to be removed to Kentucky because of the Texas court's lack of personal jurisdiction. The plaintiff gave up her right to appeal the order of the Kentucky court in exchange for the defendant agreeing that all future actions would be brought where the children reside. It is illogical that the plaintiff would have abandoned her appeal for nothing more than the defendant's agreeing to subject matter jurisdiction, which the parties could not alter via a contractual agreement. *Williams v. Holland,* 39 N.C. App. 141, 146, 249 S.E.2d 821, 825 (1978).

Moreover, the Agreed Order clearly states that the parties agree it would be in the best interests of the children to have actions pertaining to them brought in their home state. It does

not serve the spirit of the Agreed Order to recognize these best interests only in actions brought by the defendant. Despite the affidavits submitted by the defendant and his Kentucky counsel, the intent of the parties is clear from the language of the Agreed Order: All actions regarding the children are to be brought in the children's home state, and the parties consent to the jurisdiction of the courts of that state over their persons.

Thus, with regard to the plaintiff's first assignment of error, we find that the Kentucky Agreed Order does constitute the defendant's consent to personal jurisdiction in the District Court of Durham County, North Carolina, and that the trial court erred in finding otherwise.

II.

[3] The plaintiff next assigns error to the trial court's finding that, even if the Agreed Order does indicate the defendant's consent to personal jurisdiction in the state where the children reside, it is ineffective because the defendant did not sign it. We agree with the plaintiff that the trial court erred in this regard.

We are required to give full faith and credit to final judgments entered by other jurisdictions. Final judgments cannot be collaterally attacked unless the entering court lacked jurisdiction, the procurement of the judgment was fraudulent, or the judgment violates public policy. *J.I.C. Electric, Inc. v. Murphy*, 81 N.C. App. 658, 660, 344 S.E.2d 835, 837 (1986). The defendant in the case at bar contends that the Kentucky Agreed Order is invalid because he did not consent to its entry. Yet the record reflects that the Agreed Order was signed by the attorneys for each party. An attorney acting on behalf of his or her client is presumed to have authority to do so at the request of the client. *Caudle v. Ray*, 50 N.C. App. 641, 644, 274 S.E.2d 880, 882 (1981), *appeal after remand*, 69 N.C. App. 543, 316 S.E.2d 909 (1984). Moreover, this Court has previously refused to find that a foreign judgment violates public policy simply because one party alleges that he has not consented thereto. *J.I.C. Electric*, 81 N.C. App. at 661, 344 S.E.2d at 837.

On its face, the Agreed Order is valid, and the courts in this jurisdiction are required to grant it full faith and credit. The defendant is not without remedy with regard to the Order, however. If he desires to challenge the Order, the proper forum for that challenge is Kentucky, the jurisdiction in which the Order was

entered. *See J.I.C. Electric*, 81 N.C. App. at 660, 661, 344 S.E.2d at 837. Until such time as the Kentucky courts might set aside the ·Order for lack of consent by the defendant, we will grant it the full faith and credit to which it is entitled. We, therefore, find no merit to the defendant's second assignment of error.

Because we find that, through the Agreed Order, the defendant is subject to the jurisdiction of the North Carolina courts, we find it unnecessary to determine whether his request for a sixty day extension, which was contained in his letter requesting relief pursuant to the Soldier and Sailor's Relief Act, constituted a voluntary submission to the personal jurisdiction of the North Carolina courts.

For the foregoing reasons, the decision of the trial court is,

Reversed.

Judges EAGLES and COZORT concur.