ANN H. GAY v. JAMES W. GAY

No. 8210DC584

(Filed 17 May 1983)

1. **Appeal and Error § 49— exclusion of evidence—no prejudicial error**

In a civil action for assault, the trial court erred in failing to allow the defendant to offer testimony that plaintiff was intoxicated on the date of one of the assaults; however, the error was not prejudicial since defendant had previously testified without objection that plaintiff had had four or five drinks just prior to the time of her injury.

2. **Assault and Battery § 3.1; Rules of Civil Procedure § 15— awarding damages upon "numerous assaults"—only two assaults pleaded—implied consent of parties**

The trial court did not commit error in its findings and awarding damages based upon "numerous assaults and batteries" even though plaintiff alleged only two assaults in her complaint since any assaults not specifically pleaded in the complaint were tried with the implied consent of the parties and without objection at the time. G.S. 1A-1, Rule 15(b).

APPEAL by defendant from *Redwine, Judge.* Judgment entered 5 February 1982 in District Court, WAKE County. Heard in the Court of Appeals 19 April 1983.

This action was commenced on 10 April 1981 by the filing of a complaint by plaintiff alleging an assault on her by her husband, the defendant, on 14 December 1980, which resulted in the fracture of plaintiff's left leg and ankle. The complaint also alleged that defendant had again assaulted the plaintiff approximately one hour after the first assault choking and threatening to kill her. Finally, the complaint alleged that the defendant had verbally threatened plaintiff with physical harm repeatedly since 14 December 1980, causing plaintiff to live in constant fear for her physical safety. Defendant's answer generally denied plaintiff's allegations of assault.

After a non-jury trial, the court made extensive findings of fact and concluded that defendant had committed "numerous

assaults and batteries" upon the plaintiff from 14 December 1980 through March 1981. From a judgment entered awarding compensatory and punitive damages, defendant appeals.

*John M. Rich, for plaintiff-appellee.*

*Purser, Cheshire, Manning and Parker, by Earle R. Purser and Barbara A. Smith, for defendant-appellant.*

EAGLES, Judge.

[1]   In support of his general denial to plaintiff's claim of assault, defendant offered testimony to show at trial that the plaintiff was intoxicated on 14 December 1980 and that as a result of her intoxication, she stumbled and accidentally fell injuring her left leg. Defendant first assigns as error the trial court's refusal to allow defendant to testify as to plaintiff's state of intoxication on 14 December 1980. While we think that the court erred in sustaining plaintiff's objection to the defendant's testimony that plaintiff was under the influence of alcohol at the time her injury occurred, we hold that the error was not prejudicial since defendant had previously testified without objection, that plaintiff had had four or five drinks just prior to the time of her injury.

This court has previously held that a defendant is not prejudiced by the exclusion of evidence where similar evidence was admitted both before and after the exclusion in question. *Industries, Inc. v. Tharpe,* 47 N.C. App. 754, 268 S.E. 2d 824 (1980). Since the defendant in the case *sub judice* had previously been allowed to testify as to the amount of alcohol which plaintiff consumed on 14 December 1980, we find defendant's first assignment of error to be without merit.

[2]   Defendant's second assignment of error questions the trial court's entry of judgment against the defendant for "numerous assaults and batteries" upon the plaintiff when the pertinent portions of the complaint alleged only

7. That on the evening of 14 December 1980 in the home of Plaintiff and Defendant, the Defendant violently assaulted the Plaintiff by striking at her, falling on her and knocking her to the floor.

8. That as a result of the assault of the Defendant in knocking the Plaintiff to the floor, the Plaintiff suffered a fracture of the left ankle and leg.

9. That as a result of said assault and injuries the Plaintiff was in great pain and was disabled.

10. That after said assault the Plaintiff begged the Defendant to obtain medical assistance for her, and the Defendant willfully refused.

11. That during this time the Defendant refused to allow the Plaintiff to use the telephone to seek medical assistance her [sic] herself.

12. That approximately one hour after the assault the Plaintiff received a telephone call from a friend, and while the Plaintiff was talking on the phone to the friend the Defendant placed his hands around her throat and threatened to kill the Plaintiff if the Plaintiff divulged that she was in pain and needed medical attention.

13. That the Defendant willfully assaulted the Plaintiff in placing his hands around the Plaintiff's throat at that time and in threatening to kill the Plaintiff.

14. That approximately two hours after the second assault the Defendant carried the Plaintiff to Northern Wake Hospital in Wake Forest, North Carolina; and that subsequently the Plaintiff was carried to Raleigh Community Hospital by ambulance.

15. That since 14 December 1980 the Defendant has repeatedly threatened the Plaintiff with bodily harm.

The defendant challenges the award of compensatory and punitive damages to plaintiff on the basis that the complaint alleged only two assaults occurring on the same day and does not allege "numerous assaults and batteries" for which plaintiff recovered compensatory damages in the amount of $13,619.85, and punitive damages in the amount of $10,000.00.

We find that the trial court committed no error in its finding and awarding damages based upon "numerous assaults and batteries." Any assaults not specifically pleaded in the complaint

were tried with the implied consent of the parties and without objection at the time. "When issues not raised by the pleadings are tried by the express or implied consent of the parties, they shall be treated in all respects as if they had been raised in the pleadings." Rule 15(b), North Carolina Rules of Civil Procedure. The effect of this rule is to permit amendment of the pleadings by implied consent and alteration of the legal theory of the cause of action, when evidence is offered without objection, so long as the opposing party is provided a fair opportunity to defend his case. *Roberts v. Memorial Park,* 281 N.C. 48, 187 S.E. 2d 721 (1972).

Here defendant did not object to plaintiff's presentation of evidence tending to show that defendant had assaulted plaintiff on more than two occasions. The plaintiff, without objection, presented evidence tending to show that defendant had threatened, on numerous separate occasions on 14 December 1980 and thereafter, that he would kill plaintiff if she told anyone that he had caused plaintiff's injury. Defendant never contended that he was unprepared to litigate the allegations of additional assaults. Defendant did not present any evidence showing that he was unduly prejudiced by the admission of testimony concerning alleged threats he made upon plaintiff's life after the alleged assaults and batteries of 14 December 1980. For these reasons we find no merit in defendant's second assignment of error.

For the reasons stated, the judgment of the trial court is

Affirmed.

Judges WELLS and BECTON concur.