INMAN, Judge.
*443 The omissions of a signature by a juvenile court counselor, or other appropriate representative of the State, and the words "Approved for Filing" in a petition in a juvenile delinquency case amount to a jurisdictional error that precludes the district court's authority to consider the matter contained within the petition.
T.K. (Thomas),[1] Juvenile-Appellant, appeals from orders adjudicating him delinquent and imposing a level 2 disposition placing him on twelve months of probation and requiring him to perform 30 hours of community service. Thomas argues that because the petition lacked the requisite signature and "Approved for Filing" language from the juvenile court counselor, the district court lacked jurisdiction to hear the matter.
*444 After careful consideration, we agree and vacate *465 the trial court's orders and dismiss the petition.
Facts and Procedural Background
At the beginning of the school day on Saint Patrick's Day 2016, before the start of first period, a behavioral specialist at Goldsboro High School, Tamoris Wooten, stood watch in the hallway as the students headed to class. Thomas, walking away from a "ruckus" down the hall, approached Wooten, told him, "I'm going to stand right here," and stated "Sir, I'm not trying to get in trouble this morning." Before Wooten could ask Thomas any questions about what he meant, a second student, Brad,[2] walked up to Thomas, said a few words, and punched Thomas in the face. Thomas dropped to the floor.
Thomas tried unsuccessfully to climb to his feet while Brad continued punching him. A crowd of around 25 to 30 students gathered around them. Wooten called for staff assistance. Thomas "put his arm up to get [Brad] off of him," and threw one or two punches. Another male staff member helped Wooten separate the boys and Wooten walked with Thomas away from the fight.
As Wooten led Thomas away down the hall to his office, Thomas uttered what was later described as "profanity." Wooten instructed Thomas to stop cursing and to calm down. Thomas stopped cursing by the time they reached Wooten's office and Wooten left him in his office to calm down.
On 26 April 2016, Officer Nicki Artis of the Goldsboro Police Department submitted a complaint with the Clerk of Wayne County Superior Court alleging that Thomas was delinquent because he committed a simply affray, a Class 2 misdemeanor, in violation of N.C. Gen. Stat. § 14-33(a) at his school on 17 March 2016. On 5 May 2016, a juvenile court counselor signed the complaint and marked it "Approved for Filing" as a petition. The petition was then filed with the Wayne County District Court and the matter was scheduled for hearing on 26 May 2016.
On the day of the hearing, Officer Artis signed a second petition related to the same incident, alleging that Thomas was delinquent because he committed disorderly conduct at school. This second petition alleged that Thomas had disturbed the discipline at Goldsboro High School by "arguing loudly in a Goldsboro High School hallway with *445 another student, [Brad], which ultimately led to a physical altercation...." This second petition was not signed by a court counselor, nor was it marked as "Approved for Filing," but it was nevertheless filed with the district court.
During the hearing, the State dismissed the simply affray charge and proceeded only on the disorderly conduct petition. The trial court adjudicated Thomas delinquent for disorderly conduct, imposed a Level 2 disposition, ordered Thomas to be placed on a 12 month probation, and ordered him to perform 30 hours of community service.
Thomas timely appealed.
Analysis
Before a court can address any matter on the merits, it must have jurisdiction. Thomas asserts that the trial court lacked subject matter jurisdiction to consider the second petition filed against him because the juvenile court counselor failed to sign the petition and mark whether the petition was "Approved for Filing" as required by N.C. Gen. Stat. § 7B-1703. We agree.
"A universal principle as old as the law is that the proceedings of a court without jurisdiction of the subject matter are a nullity." Burgess v. Gibbs , 262 N.C. 462, 465, 137 S.E.2d 806, 808 (1964) (citation omitted). "Subject matter jurisdiction is the indispensable foundation upon which valid judicial decisions rest, and in its absence a court has no power to act[.]" In re T.R.P. , 360 N.C. 588, 590, 636 S.E.2d 787, 790 (2006) (citations omitted).
"Our General Assembly 'within constitutional limitations, can fix and circumscribe the jurisdiction of the courts of this State.' " Id. (quoting Bullington v. Angel , 220 N.C. 18, 20, 16 S.E.2d 411, 412 (1941) ). "Where jurisdiction is statutory and the Legislature requires the Court to exercise its jurisdiction in a certain manner, to follow a *466 certain procedure, or otherwise subjects the Court to certain limitations, an act of the Court beyond these limits is in excess of its jurisdiction." Eudy v. Eudy , 288 N.C. 71, 75, 215 S.E.2d 782, 785 (1975), overruled on other grounds by Quick v. Quick , 305 N.C. 446, 290 S.E.2d 653 (1982). "[W]here it is required by statute that [a] petition be signed and verified, these essential requisites must be complied with before the petition can be used for legal purposes." In re Green , 67 N.C.App. 501, 503, 313 S.E.2d 193, 194-95 (1984) (citation omitted).
The General Assembly, by enacting the Juvenile Code, imposed specific requirements that must be satisfied before a district court obtains *446 jurisdiction in juvenile cases. For a petition alleging a juvenile delinquent, the Juvenile Code states that
[e]xcept as provided in [N.C. Gen. Stat. §] 7B-1706, if the juvenile court counselor determines that a complaint should be filed as a petition, the counselor shall file the petition as soon as practicable, but in any event within 15 days after the complaint is received, with an extension for a maximum of 15 additional days at the discretion of the chief court counselor. The juvenile court counselor shall assist the complainant when necessary with the preparation and filing of the petition, shall include on it the date and the words "Approved for Filing", shall sign it , and shall transmit it to the clerk of superior court.
N.C. Gen. Stat. § 7B-1703 (2015) (emphasis added). This Court has stated that "[w]e cannot overemphasize the importance of the intake counselor's evaluation in cases involving juveniles alleged to be delinquent or undisciplined." In re Register , 84 N.C.App. 336, 346, 352 S.E.2d 889, 894-95 (1987). The role of the counselor is "to ensure that the needs and limitations of the juveniles and the concern for the protection of public safety have been objectively balanced before a juvenile petition is filed initiating court action." Id. at 346, 352 S.E.2d at 895. Our courts have not previously addressed whether the signature and the "Approved for Filing" designation on a juvenile petition are prerequisites to the district court's jurisdiction.
In In re D.S. , 364 N.C. 184, 194, 694 S.E.2d 758, 764 (2010), the North Carolina Supreme Court held that the Legislature did not intend the time deadlines imposed by N.C. Gen. Stat. § 7B-1703 to "function as [a] prerequisite[ ] for district court jurisdiction over allegedly delinquent juveniles." The Court looked to the Legislature's intent in imposing the deadline at issue in that case. Id. at 192, 694 S.E.2d at 763. The Court further noted that its decision was "consistent with the conclusions reached in prior North Carolina appellate decisions that have addressed Chapter 7B timeline requirements and jurisdiction, particularly in the context of abuse, neglect, and dependency and termination of parental rights." Id. at 194, 694 S.E.2d at 764 (citations omitted). In re D.S. does not address whether the statute's requirements for signature and approval for filing by a juvenile court counselor or other appropriate representative of the State are prerequisites to district court jurisdiction.
In the absence of precedent on the precise issue before us, we turn to analogous case authority for guidance. In a case involving a petition *447 to adjudicate a juvenile as abused or neglected, this Court held that "the failure of the petitioner to sign and verify the petition before an official authorized to administer oaths rendered the petition fatally deficient and inoperative to invoke the jurisdiction of the court over the subject matter." In re Green, 67 N.C.App. at 504, 313 S.E.2d at 195 (vacating the trial court's denial of a motion to dismiss because "the trial court lacked jurisdiction over the subject matter"). In In re Green , the Juvenile Code required the petition alleging abuse and neglect to be signed and verified pursuant to N.C. Gen. Stat. § 7A-544 and N.C. Gen. Stat. § 7A-561(b).[3] Id. Because the petition lacked the necessary signatures and verification, our Court concluded that the trial court necessarily lacked jurisdiction over the matter. Id.
The State urges us to extend the holding in In re D.S. to recognize failures to comply *467 with the signature and "Approved for Filing" requirements for a petition alleging delinquency as non-jurisdictional errors. Such an extension would conflict with the purpose of the Juvenile Code. Section 7B-1500 articulates the following purposes and policies underlying the statutes related to delinquent juveniles:
(1) To protect the public from acts of delinquency.
(2) To deter delinquency and crime, including patterns of repeat offending:
a. By providing swift, effective dispositions that emphasize the juvenile offender's accountability for the juvenile's actions; and
b. By providing appropriate rehabilitative services to juveniles and their families.
(3) To provide an effective system of intake services for the screening and evaluation of complaints and, in appropriate cases, where court intervention is not necessary to ensure public safety, to refer juveniles to community-based resources.
(4) To provide uniform procedures that assure fairness and equity; that protect the constitutional rights of juveniles, parents, and victims; and that encourage the court and others involved with juvenile offenders to proceed *448 with all possible speed in making and implementing determinations required by this Subchapter.
N.C. Gen. Stat. § 7B-1500 (2015) (emphasis added). The juvenile court counselor's role in signing and approving a petition for delinquency is the only indication on the face of a petition that a complaint against a juvenile has been screened and evaluated by an appropriate authority. Not unlike the signature of a Grand Jury foreperson with the indication "true bill" on an indictment sought by a prosecutor, the juvenile court counselor's signature and approval for filing on a petition reflects that the complaint has not simply been asserted, but that it has satisfied the first test of validity in the court system.
Consistent with our precedent in In re Green , the Supreme Court's precedent in In re D.S. , and the Legislature's intent in drafting the Juvenile Code, we conclude that a petition alleging delinquency that does not include the signature of a juvenile court counselor, or other appropriate representative of the State,[4] and the language "Approved for Filing," the petition fails to invoke the trial court's jurisdiction in the subject matter.
Here, the petition alleging Thomas delinquent for disorderly conduct at school failed to include a signature from the juvenile court counselor and does not indicate whether or not it was "Approved for Filing." The trial court therefore was without jurisdiction to proceed on the merits of this petition. Because we conclude that the trial court lacked subject matter jurisdiction, we deem it unnecessary to discuss Thomas's other assignments of error.
VACATED AND DISMISSED.
Judge BRYANT concurs.
Judge STROUD concurs by separate opinion.

A pseudonym is used to protect the identity of the juvenile.

A pseudonym is used to protect the identity of the juvenile.

The relevant sections of N.C. Gen. Stat. § 7A have been re-codified under N.C. Gen. Stat. § 7B and are sufficiently similar for our purposes.

N.C. Gen. Stat. § 7B-1704 (2015) provides an alternate route for the district court's jurisdiction when a juvenile counselor denies approval of filing a petition. In such instances, the district attorney may approve the filing if the record affirmatively discloses that the juvenile counselor denied the approval. See In re Register , 84 N.C.App. at 343-44, 352 S.E.2d at 893. Our ruling today does not address and should not interfere with the appeal process delineated in N.C. Gen. Stat. §§ 7B-1704 or 7B-1705.