IN THE COURT OF APPEALS OF NORTH CAROLINA

 No. COA18-1257

 Filed: @

Wake County, No. 17CR202089

STATE OF NORTH CAROLINA

 v.

SAMANTHA MEIAZA MATTHEWS, Defendant.

 Appeal by Defendant from judgment entered 4 May 2018 by Judge Craig

Croom in Wake County District Court. Heard in the Court of Appeals 21 May 2019.

 Attorney General Joshua H. Stein, by Assistant Attorney General Thomas J.
 Felling, for the State.

 Office of the Appellate Defender, by Wyatt Orsbon and Glenn Gerding, for
 Defendant-Appellant.

 INMAN, Judge.

 Defendant Samantha Meiaza Matthews (“Defendant”) appeals, by petition for

writ of certiorari, the district court’s revocation of her probation imposed under a

conditional discharge. Defendant argues that the district court lacked subject matter

jurisdiction to conduct the probation revocation hearing, contending that she did not

expressly consent to the district court’s exercise of jurisdiction. After thorough review

of the record and applicable law, we allow Defendant’s petition but hold Defendant

has failed to demonstrate error.
 STATE V. MATTHEWS

 Opinion of the Court

 I. FACTUAL AND PROCEDURAL HISTORY

 On 3 February 2017, Defendant was charged by magistrate’s order with one

count each of felony possession with the intent to manufacture, sell, or deliver

(“PWIMSD”) Percocet (Schedule II), Hydrocodone (Schedule II), and Diazepam

(Schedule IV). On 5 May 2017, Defendant was charged by a bill of information with

felony possession of a Schedule IV substance, a class I felony. Defendant and the

State entered into a plea agreement that same day. Per the plea agreement, the State

agreed to dismiss the three PWIMSD charges and Defendant agreed to plead guilty

to felony possession of a Schedule IV substance and receive supervised probation on

a conditional discharge.

 The district court accepted the plea agreement and entered a conditional

discharge placing Defendant on 12 months of supervised probation. The court also

ordered Defendant to pay court costs of $450 and a supervised probation fee, complete

225 hours of community service, and undergo a substance abuse evaluation.

 On 4 March 2018, Defendant’s probation terms were modified to allow her

additional time to complete her community service hours. Defendant’s probation

officer later filed a violation report on 23 April 2018, asserting that Defendant had

only completed 26.1 of her 225 court-ordered community service hours and had not

yet paid in full her court costs and supervised probation fee.

 -2-
 STATE V. MATTHEWS

 Opinion of the Court

 On 4 May 2018, the district court held a hearing on the violation report.

Defendant’s counsel did not object to the district court’s jurisdiction during the

hearing and fully participated in the proceeding. After Defendant admitted the

willfulness of her three violations, Defendant’s probation officer testified that

Defendant had completed 75 hours of community service at the time of the hearing.

The court, in reliance on Defendant’s admissions and the officer’s testimony, found

that Defendant willfully violated her probation and conditional discharge. While the

trial court was reciting this finding, Defendant asked the court through counsel if she

could speak; Defendant then addressed the court directly and asked for an additional

30 days to complete her community service requirement. The trial court denied

Defendant’s request.

 The trial court entered judgment for felony possession of a Schedule IV

substance following the above exchange. As punishment, the court ordered a

suspended sentence of 4 to 14 months imprisonment and placed Defendant on

supervised probation for 12 months. After sentencing and at the conclusion of the

hearing, Defendant directly asked the trial court if a felony would appear on her

record. The trial court answered the question “yes”—to which Defendant replied,

“Okay”—and then the trial court asked counsel if there was anything further

Defendant wished to present to the court; Defendant’s counsel responded, “No, Your

Honor[.]”

 -3-
 STATE V. MATTHEWS

 Opinion of the Court

 It does not appear from the hearing transcript that Defendant gave oral notice

of appeal at the hearing; however, the trial judge checked a box on the

“Disposition/Modification of Conditional Discharge” form that Defendant was

appealing the order to superior court. The trial judge also checked and appears to

have initialed a box on the judgment itself, stating “[t]he defendant gives notice of

appeal from the judgment of the trial court to the Appellate Division[.]” Both the

Disposition/Modification of Conditional Discharge and the judgment were entered on

4 May 2018, the day of the hearing revoking Defendant’s probation.1

 Defendant, pro se, filed form notices of appeal designating her appeal to the

superior court on 11 May 2018 and 17 May 2018; the first notice identified the original

judgment entered on her guilty plea as the order appealed, while the second identified

the order revoking her probation. Despite these forms designating Defendant’s

appeal to the superior court, a form judgment in the record signed by the trial court

judge indicates that Defendant “[a]ppealed to [the] NC Court of Appeals” on 17 May

2018.2

 On 18 May 2018, the trial court again called Defendant’s case for hearing, and

the judge made the following statement on the record:

 1 It is unclear, however, if the portion of the order designating an appeal to the Appellate
Division was checked and initialed at the time the order was entered, or if the trial court amended and
initialed the order at a later date.
 2 This form judgment appears to be a local form created and utilized internally by Wake

County’s district courts, rather than a standardized form promulgated by the North Carolina
Administrative Office of the Courts.

 -4-
 STATE V. MATTHEWS

 Opinion of the Court

 [Defendant] came in yesterday and gave notice of appeal.
 Madam Clerk contacted her this morning to try to get her
 back in here so we could get this on the record that she did
 give notice of appeal from that revocation of that
 conditional discharge.

 I just wanted to make sure we had this on the record. I
 think (inaudible) that she did give notice of appeal
 (inaudible).

 ....

 Also, that Madam Clerk did contact and left a message for
 her that we would try to do this on the record this morning.
 She has not called Madam Clerk back (inaudible) contact
 with her (inaudible) that she did give notice of appeal on
 May 7th.

 The trial judge then completed and filed an appellate entries form, noting

Defendant’s appeal to this Court.

 Defendant’s appellate counsel filed a petition for writ of certiorari with this

Court on 13 February 2019. In the petition’s appendix, Defendant included an email

between her appellate counsel and the assistant district attorney assigned to her case

in which the district attorney acknowledged Defendant “appeared in court to provide

notice of appeal” on 18 May 2018. The State filed a motion to dismiss Defendant’s

appeal on 12 March 2019, arguing that the actions of Defendant and the trial court

recounted above failed to comply with the jurisdictional requirements of Rule 4 of the

North Carolina Rules of Appellate Procedure.

 II. ANALYSIS

 -5-
 STATE V. MATTHEWS

 Opinion of the Court

A. Appellate Jurisdiction

 In its motion to dismiss, the State argues that Defendant’s various notices and

related attempts to appeal failed to comply with Rule 4(a)-(b) of the North Carolina

Rules of Appellate Procedure. Rule 4(a) requires an appealing party to either give

oral notice of appeal at trial or file and serve a written notice of appeal within fourteen

days of judgment; Rule 4(b) sets forth the requirements for a written notice of appeal,

which include a mandate that the notice “designate the judgment or order from which

appeal is taken and the court to which appeal is taken.” N.C. R. App. P. 4(a)-(b) (2019).

 Defendant concedes that her various attempts to appeal fail to comply with the

above requirements, but she notes that the State has not shown surprise, confusion,

or prejudice and requests that we allow her petition for writ of certiorari. Pursuant

to Rule 21 of the North Carolina Rules of Appellate Procedure, we may exercise our

broad discretion to allow review “when the right to prosecute an appeal has been lost

by failure to take timely action[.]” N.C. R. App. P. 21 (2019); see also State v.

Ledbetter, ___ N.C. ___, ___, 814 S.E.2d 39, 43 (2018) (holding that this Court

possesses “the jurisdiction and the discretionary authority . . . [a]bsent specific

statutory language limiting the Court of Appeals’ jurisdiction . . . to issue the

prerogative writs, including certiorari”).

 In our discretion, we allow Defendant’s petition and deny the State’s motion to

dismiss, as: (1) Defendant, acting pro se, made clear her intent to appeal the

 -6-
 STATE V. MATTHEWS

 Opinion of the Court

revocation of probation within ten days of the order’s entry; (2) her intent was

frustrated only through use of form notices of appeal that appear to have been

provided to her by the Wake County clerk’s office; (3) the State appears to have

understood Defendant’s intent to appeal when she filed the defective notices, which

the trial court later made clear on the record; and (4) Defendant’s appeal presents an

issue of first impression concerning a fundamental aspect of the trial court’s

authority, namely, the district court’s subject matter jurisdiction to revoke her

probation. See, e.g., State v. Hill, 227 N.C. App. 371, 374, 741 S.E.2d 911, 914 (2013)

(allowing certiorari for failure to take timely action where the defendant filed, pro se,

a form notice of appeal on the day after judgment that was provided to him by the

jail, was not served on the State, incorrectly designated his appeal as one from district

court to superior court, and did not correctly identify all orders appealed from); State

v. Keller, 198 N.C. App. 639, 642, 680 S.E.2d 212, 214 (2009) (allowing certiorari

“[d]ue to the fundamental nature of the errors asserted by defendant” (citation

omitted)).

B. Standard of Review

 We review challenges to a trial court’s subject matter jurisdiction de novo.

State v. Herman, 221 N.C. App. 204, 209, 726 S.E.2d 863, 866 (2012). We apply that

same standard to questions of statutory interpretation. State v. Largent, 197 N.C.

App. 614, 617, 677 S.E.2d 514, 517 (2009). Under this standard, we “consider[] the

 -7-
 STATE V. MATTHEWS

 Opinion of the Court

matter anew and freely substitute[] [our] own judgment for that of the lower

tribunal.” State v. Williams, 362 N.C. 628, 632-33, 669 S.E.2d 290, 294 (2008)

(citation and internal quotation marks omitted).

C. District Court Jurisdiction Per N.C. Gen. Stat. § 7A-271(e)

 Under the statutory framework setting forth the jurisdiction of our district and

superior courts over criminal matters, the superior court generally exercises

exclusive jurisdiction over probation revocation hearings even when the underlying

felony conviction and probationary sentence were imposed through a guilty plea in

district court. N.C. Gen. Stat. § 7A-271(e) (2017). There exists, however, an exception

to this general rule; namely, that “the district court shall have jurisdiction to hear

these matters with the consent of the State and the defendant.” Id. (emphasis added).

By allowing parties to consent to the district court’s jurisdiction, then, the legislature

modified the common law rule that subject matter jurisdiction “cannot be conferred

upon a court by consent, waiver or estoppel.” In re Sauls, 270 N.C. 180, 187, 154

S.E.2d 327, 333 (1967). The statute provides no definition for the word “consent,” and

neither this Court nor our Supreme Court has had occasion to construe it.

D. Consent to Jurisdiction

 Defendant contends that she did not “consent” to the district court’s

jurisdiction within the meaning of the word as used in Section 7A-271(e), as she never

made her “express consent” apparent on the record. The State argues that

 -8-
 STATE V. MATTHEWS

 Opinion of the Court

Defendant’s active participation in the hearing without objection constituted implied

consent sufficient to confer jurisdiction on the trial court. Because implied consent

is, by definition, consent, and the legislature declined to limit the exception to express

consent, we hold that Defendant consented to the district court’s jurisdiction and its

judgment was free from error.

 This Court has, in multiple contexts, recognized implied consent as a form of

consent. See, e.g., Montgomery v. Montgomery, 110 N.C. App. 234, 238, 429 S.E.2d

438, 441 (1993) (“[T]here are many ways in which a defendant may give express or

implied consent to the jurisdiction of the court over his person.” (citation omitted).3

For example, we held in State v. McLeod, 197 N.C. App. 707, 682 S.E.2d 396 (2009),

that a person’s words and actions gave police implied consent to search his home

when he walked officers through his house and told them where to find an illegally-

possessed firearm, even though he never expressly invited them inside to search his

home. 197 N.C. App. at 713, 682 S.E.2d at 399. Evidence found during that search

was therefore admissible at trial, as the applicable statute provided that “a law-

enforcement officer may conduct a search and make seizures, without a search

warrant or other authorization, if consent to the search is given.” N.C. Gen. Stat. §

 3 Defendant incorrectly asserts that Montgomery confuses the concepts of consent and waiver
without distinguishing them. A close reading of that decision shows that the Court was not indifferent
to, but was instead mindful of, the distinction. See 110 N.C. App. at 238, 429 S.E.2d at 440-41
(discussing “the consent by which a defendant waives personal jurisdiction” as a “consent to personal
jurisdiction and a waiver of the requirements usually necessary to invoke that jurisdiction”).

 -9-
 STATE V. MATTHEWS

 Opinion of the Court

15A-221(a) (2007) (emphasis added); McLeod, 197 N.C. App. at 710-11, 682 S.E.2d at

398. Thus, McLeod stands for the proposition that the legislature’s use of the word

“consent” encompasses both express and implied consent.

 Our General Assembly has also recognized implied consent as a form of consent

in the civil context. Rule 15(b) of the North Carolina Rules of Civil Procedure provides

that “[w]hen issues not raised by the pleadings are tried by the express or implied

consent of the parties, they shall be treated in all respects as if they had been raised

in the pleadings.” N.C. Gen. Stat. § 1A-1, Rule 15(b) (2017) (emphasis added). In

interpreting that rule, we have held that, in a non-jury trial, implied consent existed

where evidence pertaining to an issue outside the pleadings was introduced and no

objection to the evidence was lodged. Gay v. Gay, 62 N.C. App. 288, 291, 302 S.E.2d

495, 497 (1983).

 As Defendant recognizes, the use of the word “consent” in Section 7A-271(e) is

unambiguous, and we must give it “its plain meaning.” Burgess v. Your House of

Raleigh, Inc., 326 N.C. 205, 209, 388 S.E.2d 134, 136 (1990). Implied consent falls

within that plain meaning, and Defendant offers no definition to the contrary. Cf.

McLeod, 197 N.C. App. at 713, 682 S.E.2d at 399; see also Consent, Black’s Law

Dictionary (11th ed. 2019) (including the definition of “implied consent” as a subentry

to the definition of “consent”). We see no reason to hold that implied consent is not

sufficient to confer subject matter jurisdiction under Section 7A-271(e); as a result,

 - 10 -
 STATE V. MATTHEWS

 Opinion of the Court

we hold that the State and a defendant may impliedly consent to jurisdiction under

the statute.

 We also hold that Defendant’s conduct in this case constitutes implied consent

sufficient to confer jurisdiction. The transcript opens with Defendant waiving a

formal reading of the violation report and admitting to the willfulness of her

violations through counsel. Following direct examination of the probation officer by

the State, Defendant’s counsel then cross-examined her about Defendant’s

community service and good behavior while on probation. The trial court then

questioned Defendant’s counsel directly about those same issues, and he responded

without hesitation. Defendant even interjected into that line of questioning, offering

an answer to one of the court’s inquiries. Finally, as the trial court was reciting its

ruling, Defendant asked if she could address the trial court directly, whereupon she

proceeded to state that she had difficulty completing the necessary community service

and needed an extension.

 Defendant or her counsel participated at every stage in the hearing without

protest, and they even declined to object when presented with a final opportunity by

the trial court. In other words, the State submitted the case for resolution to the

district court, and Defendant willingly participated in its adjudication. Defendant

even went so far as to affirmatively request additional relief from the trial court in

the form of an extension of her probation. Such conduct certainly demonstrates

 - 11 -
 STATE V. MATTHEWS

 Opinion of the Court

“[c]onsent inferred from one’s conduct rather than from one’s direct expression” to the

trial court’s jurisdiction to hear the revocation of her probation. Consent, Black’s Law

Dictionary; cf. McLeod, 197 N.C. App. at 713, 682 S.E.2d at 399; Gay, 62 N.C. App.

at 291, 302 S.E.2d at 497.

 We are unpersuaded by Defendant’s argument that consent must be

established at the beginning of the probation violation proceedings. Defendant cites

two cases for this proposition: Boseman v. Jarrell, 364 N.C. 537, 704 S.E.2d 494

(2010), and In re T.K., ___ N.C. App. ___, 800 S.E.2d 463, disc. rev. denied, 370 N.C.

216, 804 S.E.2d 527, 528 (2017). In Boseman, our Supreme Court held that a trial

court lacks jurisdiction if it is not invoked by a proper pleading. 364 N.C. at 547, 704

S.E.2d at 501. In T.K., we wrote that “[b]efore a court can address any matter on the

merits, it must have jurisdiction,” ___ N.C. App. at ___, 800 S.E.2d at 465, and held

that because a juvenile petition lacked certain statutorily required signatures, it

failed to invoke the jurisdiction of the trial court. Id. at ___, 800 S.E.2d at 467. Here,

the State appropriately invoked the district court’s jurisdiction by filing a violation

report that complied with the statute governing such reports. See N.C. Gen. Stat. §

15A-1345(e) (2017) (imposing various notice requirements on probation violation

reports); State v. Moore, 370 N.C. 338, 345, 807 S.E.2d 550, 555 (2017) (holding a

probation violation report that satisfies N.C. Gen. Stat. § 15A-1345(e)’s notice

requirements confers jurisdiction on the trial court to revoke probation). Thus, the

 - 12 -
 STATE V. MATTHEWS

 Opinion of the Court

probation violation report was a sufficient pleading to invoke the district court’s

jurisdiction. Then, as explained supra, the trial court entered its judgment on the

merits only after Defendant had participated fully in the hearing, affirmatively

requested alternative relief from the trial court, and declined an opportunity to

present further argument after the trial court’s oral ruling, i.e., after she had

impliedly consented to its jurisdiction.

 We are similarly unpersuaded by Defendant’s argument that her conduct was

somehow exclusively a form of estoppel or waiver, neither of which are mentioned in

Section 7A-271(e) and are thus insufficient to confer subject matter jurisdiction under

the otherwise-unmodified common law. Although Defendant repeats that consent,

waiver, and estoppel “are ‘not synonymous’ ” throughout her briefs by quoting our

Supreme Court’s decision in Lenoir Mem’l Hosp., Inc. v. Stancil, 263 N.C. 630, 633,

139 S.E.2d 901, 903 (1965), she fails to identify—outside of conclusory statements—

how her conduct constitutes waiver or estoppel rather than consent. Lenoir is itself

completely silent on consent, as the word is entirely absent from the opinion, and the

full passage quoted by Defendant is far from an unqualified statement of general

applicability: “Though often used interchangeably with reference to insurance

contracts, the terms waiver and estoppel are not synonymous.” Id. (first emphasis

 - 13 -
 STATE V. MATTHEWS

 Opinion of the Court

added).4 Absent persuasive or binding authority, we reject Defendant’s argument

that she assented to jurisdiction through waiver or estoppel rather than consent.

 III. CONCLUSION

 For the foregoing reasons, we hold that Defendant consented to the trial court’s

subject matter jurisdiction within the meaning of Section 7A-271(e), and the trial

court possessed jurisdiction to revoke her probation.

 NO ERROR.

 Chief Judge MCGEE and Judge ARROWOOD concur.

 4 Indeed, the only case discussing the meaning of the word “consent” that Defendant cites is a
decision from the Court of Appeals for the Tenth Circuit that attempts to interpret language found in
a city ordinance in Denver, Colorado, and that state’s statutes. United States v. Abeyta, 877 F.3d 935
(10th Cir. 2017).

 - 14 -