IN THE COURT OF APPEALS OF NORTH CAROLINA

No. COA23-1079

Filed 7 May 2024

Rowan County, No. 23 JB 87

IN RE: D.J.Y.

Appeal by the juvenile from orders entered 30 August 2023 by Judge Chris Sease in Rowan County District Court. Heard in the Court of Appeals 3 April 2024.

*Attorney General Joshua H. Stein, by Special Deputy Attorney General Kimberly D. Potter, for the State.*

*Appellate Defender Glenn Gerding, by Assistant Appellate Defender Jillian C. Franke, for the juvenile-appellant.*

WOOD, Judge.

The juvenile ("Dawson")[1] appeals the order of the trial court adjudicating him delinquent and its subsequent disposition order. Because the juvenile court counselor did not approve the juvenile petition for filing and did not sign the relevant portion of the juvenile petition, the trial court lacked subject matter jurisdiction to adjudicate the juvenile delinquent and, consequently, lacked jurisdiction to enter a disposition order.

---

[1] A pseudonym is used to protect the identity of the juvenile pursuant to N.C. R. App. P. 42(b).

## I. <u>Factual and Procedural History</u>

On 1 June 2023, a juvenile petition was filed alleging Dawson committed the offense of injury to personal property in violation of N.C. Gen. Stat. § 14-160(b) (classifying wanton and willful injury to personal property of another causing damage in excess of $200.00 as a Class 1 misdemeanor) with an offense date of 16 May 2023. The section of the juvenile petition titled "decision of court counselor regarding the filing of the petition" was left blank. Therefore, the box indicating "approved for filing" and the box for the court counselor's signature were blank as well. The trial court held the adjudication and disposition hearings on 25 August 2023. The court counselor was not present at the hearings.

On 16 May 2023, as Sarah Terry ("Terry") was leaving the school where her daughter attends, Dawson pulled up behind her driving erratically and "giving [her] the finger." Terry followed Dawson home and asked to speak with his parents, and Dawson began swearing at her. Dawson offered to give Terry his phone to speak to his mother, but Terry did not want to speak with her at that moment because there was too much "yelling" and "chaos." Terry testified she gave his phone back[2] to him and that Dawson then punched the passenger side rear door of her vehicle causing $1,300.00 of damage. Following the hearing, the trial court adjudicated Dawson

---

[2] Dawson testified he was not screaming at her, and that Terry threw his phone, breaking it.

delinquent for having committed the Class 1 misdemeanor offense of injury to personal property. Dawson gave oral notice of appeal in open court.

On 30 August 2023, the trial court entered a written adjudication order finding Dawson delinquent. The same day, the trial court entered the disposition order placing Dawson on supervised probation for six months, requiring him to cooperate with the Youth Development Initiatives Life Skills Academy for six months, and ordering that he pay $200.00 in restitution.

## II. Analysis

Dawson argues the trial court lacked subject matter jurisdiction over the petition because the court counselor did not approve the juvenile petition for filing in accordance with N.C. Gen. Stat. § 7B-1702. Dawson argues that therefore, the adjudication and disposition orders are void. We agree.

"It is well-established that the issue of a court's jurisdiction over a matter may be raised at any time, even for the first time on appeal." *State v. Webber*, 190 N.C. App. 649, 650, 660 S.E.2d 621, 622 (2008). "The sufficiency of a juvenile petition is a jurisdictional issue that this Court reviews *de novo*." *In re J.F.*, 237 N.C. App. 218, 221, 766 S.E.2d 341, 344 (2014).

"When a petition is fatally deficient, it is inoperative and fails to evoke the jurisdiction of the court." *In re B.D.W.*, 175 N.C. App. 760, 761, 625 S.E.2d 558, 560 (2006). "An order is void *ab initio* only when it is issued by a court that does not have jurisdiction." *State v. Sams*, 317 N.C. 230, 235, 345 S.E.2d 179, 182 (1986).

First, a juvenile court counselor must conduct a preliminary inquiry analyzing whether "the facts contained in the [juvenile] complaint . . . state a case within the jurisdiction of the court," whether the complaint is legally sufficient, and whether "the matters alleged are frivolous." N.C. Gen. Stat. § 7B-1701(a). Next, "[t]he juvenile court counselor shall decide . . . whether a complaint shall be filed as a juvenile petition, handled as a juvenile consultation for a vulnerable juvenile, or handled in some other manner authorized by this Article." N.C. Gen. Stat. § 7B-1703(a). One option the juvenile court counselor has is to "divert the juvenile pursuant to a diversion plan." N.C. Gen. Stat. § 7B-1706(a). If the juvenile court counselor decides to divert the juvenile, he or she may refer "the juvenile to any of the following resources: (1) An appropriate public or private resource; (2) Restitution; (3) Community service; (4) Victim-offender mediation; (5) Regimented physical training; (6) Counseling; (7) A teen court program, as set forth in subsection (c) of this section." *Id.* The juvenile court counselor also "may enter into a diversion contract with the juvenile and the juvenile's parent, guardian, or custodian," provided that the juvenile court counselor made "a finding of legal sufficiency" of the juvenile complaint and with the "the consent of the juvenile and the juvenile's parent, guardian, or custodian." N.C. Gen. Stat. § 7B-1706(a)–(b). Successful completion of the diversion contract ensures that the juvenile complaint will not proceed before the court as a juvenile petition. *See* N.C. Gen. Stat. § 7B-1706(b).

If the juvenile complaint is to proceed as a petition to an adjudication hearing, the juvenile court counselor must approve it for filing. "[I]f the juvenile court counselor determines that a complaint should be filed as a petition," then he or she "*shall include on it . . . the words 'Approved for Filing', shall sign it*, and shall transmit it to the clerk of superior court." N.C. Gen. Stat. § 7B-1703(b) (emphasis added). The court counselor "*shall* complete evaluation of a complaint within 15 days of receipt of the complaint, with an extension for a maximum of 15 additional days at the discretion of the chief court counselor." N.C. Gen. Stat. § 7B-1703(a) (emphasis added).

Side two of the AOC-J-323 form, the standardized juvenile delinquency petition form, contains a section titled "decision of court counselor regarding the filing of the petition." The court counselor can check box one, "approved for filing," or box two, "not approved for filing." This Court has held "that a petition alleging delinquency that does not include the signature of a juvenile court counselor, or other appropriate representative of the State, and the language 'Approved for Filing,' . . . fails to invoke the trial court's jurisdiction in the subject matter." *In re T.K.*, 253 N.C. App. 443, 448, 800 S.E.2d 463, 467 (2017). In so holding, this Court reasoned that finding a juvenile court counselor's approval for filing to be a jurisdictional prerequisite would promote the purposes of the juvenile delinquency system enumerated in Juvenile Code Section 7B-1500:

(1) To protect the public from acts of delinquency.

(2) To deter delinquency and crime, including patterns of repeat offending:

a. By providing swift, effective dispositions that emphasize the juvenile offender's accountability for the juvenile's actions; and

b. By providing appropriate rehabilitative services to juveniles and their families.

(3) *To provide an effective system of intake services for the screening and evaluation of complaints* and, in appropriate cases, where court intervention is not necessary to ensure public safety, to refer juveniles to community-based resources.

(4) To provide uniform procedures that assure fairness and equity; that protect the constitutional rights of juveniles, parents, and victims; and that encourage the court and others involved with juvenile offenders to proceed with all possible speed in making and implementing determinations required by this Subchapter.

*Id.* at 447–48, 800 S.E.2d at 467 (emphasis in original) (quoting N.C. Gen. Stat. § 7B-1500).

Here, the section of the juvenile petition to indicate the juvenile court counselor's approval or disapproval for filing was left completely blank. There was no box checked, and the court counselor did not include his signature in this section. Thus, on its face, the juvenile petition was fatally deficient and did not vest subject matter jurisdiction in the trial court. Accordingly, the adjudication and disposition orders are void *ab initio* because the trial court lacked jurisdiction to enter them. Moreover, it is impossible to determine whether the juvenile court counselor intended to approve the filing of a petition or to divert the juvenile pursuant to N.C. Gen. Stat. § 7B-1706(a).

The State argues this Court should review the entire record to determine whether it reveals the court counselor approved the petition for filing. The State cites *In re Register*, 84 N.C. App. 336, 352 S.E.2d 889 (1987) for the proposition that there must be a total absence of evidence in the record that the court counselor conducted the initial assessment of the petition. In that case, this Court stated, "There is nothing in the record to indicate that the intake counselor made any preliminary inquiry or evaluation." *In re Register*, 84 N.C. App. at 346, 352 S.E.2d at 894. However, this Court analyzed the juveniles' claim of selective prosecution, noting that the proper intake process was not conducted because there was no evidence an "intake counselor" conducted the required preliminary evaluation. Thus, this Court determined, the district attorney improperly "injected" himself into the case because the intake counselor did not initially disapprove of the filing of the petition. *Id.* at 343–44, 352 S.E.2d at 892–93. Therefore, this Court's holding in *In re Register* is not relevant to the question of whether the absence of a court counselor's approval of a juvenile petition for filing is necessary for a district court to obtain subject matter jurisdiction.

Moreover, subsequent to *In re Register*, this Court in *In re T.K.* held that the "juvenile court counselor's role in signing and approving a petition for delinquency *is the only indication on the face of a petition* that a complaint against a juvenile has been screened and evaluated by an appropriate authority." 253 N.C. App. at 448, 800 S.E.2d at 467 (emphasis added). Here, the State requests we determine whether the

court counselor approved a petition for filing based on his or her signature in the verification section of the petition. First, the verification requirement is separate and distinct from the requirement that a court counselor approve a juvenile petition for filing, and it appears in a separate portion of statute. N.C. Gen. Stat. § 7B-1803(a). Second, the court report, which in this case indicates the court counselor conducted a Youth Assessment & Screening Instrument assessment and gang assessment, among other assessments, is also a separate requirement of the court counselor's intake responsibilities pursuant to N.C. Gen. Stat. § 7B-1702 (requiring that the court counselor consider certain criteria and "conduct a gang assessment for juveniles who are 12 years of age or older"). Furthermore, the court report was introduced at disposition, as is the proper time to introduce the court report, and not considered at adjudication. Notwithstanding, a court counselor's court report does not satisfy the requirement that, if a court counselor "determines that a complaint should be filed as a petition," he or she "shall include on it . . . the words 'Approved for Filing' [and] shall sign it." N.C. Gen. Stat. § 7B-1703(b).

Accordingly, the State's arguments fail.

### III. <u>Conclusion</u>

Because the court counselor did not approve the juvenile petition for filing by signing the relevant portion of the juvenile petition, the trial court lacked subject matter jurisdiction over the petition. Accordingly, the adjudication and disposition

orders are void *ab initio*.  Thus, the adjudication and disposition orders are vacated, and the juvenile petition is dismissed.  It is so ordered.

VACATED AND DISMISSED.

Judges ARROWOOD and FLOOD concur.